## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### Clarksburg

**SHERMAN KEMP**,

      Petitioner,

**v.**                                                                Civil Action No. 1:18cv206
                                                                        (Judge Kleeh)

**FREDERICK ENTZEL,**

      Respondent.

### REPORT AND RECOMMENDATION

### I. Introduction

On November 5, 2018, Sherman Kemp ("Kemp"), the *pro se* petitioner, filed a petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. On November 6, 2021, the petitioner paid the $5 filing fee. [Doc. 5]. At the time the petitioner filed his petition, he was incarcerated at FCI Hazelton. Although he has since been transferred first to Yazoo City Low and subsequently to FCI Three Rivers, which is located in Texas, this Court continues to have jurisdiction.

On November 30, 2018, the petitioner filed a Motion for Grand Jury Transcripts. [Doc. 8]. By Miscellaneous Case Order entered on November 30, 2018, this case was reassigned from Senior District Judge Irene M. Keeley to District Judge Thomas S. Kleeh. [Doc. 9]. By Order entered March 20, 2019, the petitioner's Motion to Exceed the Page Limits was granted. [Doc. 12]. By Order entered March 27, 2019, the petitioner's Motion for Grand Jury Transcripts was denied. [Doc. 14]. On April 22, 2019, petitioner filed an appeal with the District Judge of the March 27, 2019 Order denying his motion for the grand jury transcripts. [Doc. 17]. On July 7, 2020, an Order was entered affirming the Order denying the petitioner's motion for the transcripts. Finally, on October 5, 2021, an

Order was entered transferring this matter to District Judge John Preston Bailey and the undersigned.

This matter is now pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.

## II. Background[1]

### A. Conviction and Sentence

On January 23, 2008 in the United States District Court for the Eastern District of Pennsylvania, a superseding indictment was entered against the petitioner and a number of co-conspirators, charging the petitioner with one count of conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846.

On April 22, 2009, through counsel, the petitioner filed a motion to dismiss the indictment on double jeopardy grounds. By Order entered on July 17, 2009, the motion was denied. On July 27, 2009, the petitioner filed an interlocutory appeal of the Eastern District of Pennsylvania's July 17, 2009 Order denying his motion to dismiss the indictment on double jeopardy grounds. By unpublished opinion issued on January 6, 2010, the Third Circuit Court of Appeals affirmed. See United States v. Kemp, 359 Fed. Appx. 356 (3rd Cir. 2010).

---

[1] The facts are taken from the petitioner's criminal Case No. 2:07cr549-11 in the United States District Court for the Eastern District of Pennsylvania, available on PACER. Unless otherwise noted, the document entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

On April 14, 2010, after a 47-day trial, the petitioner was convicted. [Doc. 632]. The petitioner was a member of the conspiracy from 1998 to 2005 and was held responsible for the distribution of 150 kilos or more of cocaine. This quantity triggered a base offense level of 38. The petitioner was also subject to a three-level enhancement under U.S.S.G. § 3B1.1(b) because he was a manager or supervisor of the criminal activity, and a two-level enhancement for obstruction of justice because he falsely testified that he was not a member of the conspiracy. Resulting in a total offense level of 43. The petitioner was in criminal category I, and his guideline range was life imprisonment. The Court adopted the guideline range in the PSR but varied from the range and on August 11, 2010 imposed a term of imprisonment of 360 months, to run concurrent to his sentence in United States District Court for Maryland[2], to be followed by a 10-year term of supervised release. [Doc. 795]. He was fined $5,000.00 and the government's motion for forfeiture was granted. Id. On September 3, 2010, the Judgment and Commitment Order was amended to reflect that Kemp's interest in $31,000,000.00 was forfeited. [Doc. 824].

**B. Direct Appeal**

---

[2] On July 17, 2008, the petitioner pleaded guilty to a four-count indictment returned in the District of Maryland. The four-count indictment charged the petitioner with conspiracy to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession with intent to distribute over 500 grams of cocaine, in violation of 21 U.S.C. § 842(a)(1) and 18 U.S.C. § 2. On October 10, 2006, he was sentenced to an aggregate term of imprisonment of 180 months. See Case No. 1:07-CR-295 in the United States District Court for the District of Maryland, available on PACER.

The petitioner filed a Notice of Appeal on August 12, 2010. On appeal, he argued that the evidence was insufficient to establish that he participated in the conspiracy; the district court erred by (1) permitting the government to introduce certain evidence; (2) miscalculating his sentence; and (3) denying his motion for a new trial based on newly-discovered evidence. On October 17, 2014, the Third Circuit affirmed the district court by unpublished opinion. See United States v. Kemp, 580 Fed. Appx. 138 (3rd Cir. 2014). The Supreme Court of the United States denied his petition for a writ of *certiorari* on March 30, 2015.

### C. Motion to Vacate Under 28 U.S.C. § 2255

The petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 on December 21, 2015, raising claims of ineffective assistance of counsel for failing to move to sever his case from a co-defendant's; failing to posit the correct argument in support of his contention that the district court erred by finding him responsible for the distribution of 150 kilograms of cocaine; and failing to posit the correct argument that the court erred in applying a 3-level enhancement for his managerial role in the drug conspiracy. The 2255 motion was denied on November 16, 2016. The petitioner did not appeal.

### D. Motion for Sentence Reduction

On January 7, 2019, the petitioner filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the Sentencing Guidelines, which became effective November 1, 2014 and was made retroactive on that date and lowered the base offense levels on the Section 2D1.1 Drug Quantity Table for most drug offenses. Under the revised applicable guideline range, the petitioner's base offense level lowered to 36,

and his total offense level was 41.  At the established criminal history category of I, the petitioner's guideline range was reduced from life to 324 to 405 months.

Given the petitioner's satisfactory behavior in prison, the government had no objections to a reduction to 324 months' imprisonment. [Doc. 1070].  On January 15, 2019, the petitioner's motion was granted, and his sentence was reduced from 360 to 324 months. [Doc. 1071]. The petitioner's current **projected** release date via good conduct time is August 10, 2036. See www.bop.gov/inmateloc/.

### III. The Petition

In the instant § 2241 petition, the petitioner challenges the conviction and sentence he received in the Eastern District of Pennsylvania, raising two claims: that "based on Dimaya,³ my sentence is a fundamental defect under Wheeler," and that his conviction and sentence in the Eastern District of Pennsylvania violates the double jeopardy clause, because "Count Four of . . . [his District of] Maryland [Case No. 1:07cr295] conviction charged the same act and elements that were later charged in the Pennsylvania case[.]" See Doc.1 at 1, 5 – 6.

### IV. Standard of Review

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the Petitioner's case to determine if "it plainly appears from the petition and any attached

---

³ Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

## B. *Pro Se* Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondent.

## C. Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by prison officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2nd Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which permits a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar,[4] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective; the standard is an exacting one. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

    (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;

    (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the

---

[4] In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

  (1) The date on which the judgment of conviction becomes final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
  (3) the date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

> conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333 - 34 (4th Cir. 2000) (emphasis added).

However, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction." United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), *cert. denied* United States v. Wheeler, 2019 U.S. LEXIS 1990 (U.S., Mar. 18, 2019) (*quoting* Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).  In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241, and Jones is applicable to fundamental sentencing errors, as well as undermined convictions." Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must still meet the savings clause of § 2255.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, *supra*, at 40.29 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

## V. Analysis

Here, although the petitioner appears to assert that he is entitled to relief under the savings clause, it is clear that he is not entitled to its application. First, to the extent that the petitioner is challenging his conviction, even if he satisfied the first and the third elements of Jones, the crimes for which he was convicted, violations of 21 U.S.C. § 846 remains a criminal offense, and therefore, he cannot satisfy the second element of Jones. Moreover, even if he could do so, he would be challenging his conviction under the Double Jeopardy Clause of the Constitution and would need to seek authorization from the Third Circuit Court of Appeals to bring a successive § 2255 motion, rather than proceed via § 2241. Jones, 226 F.3d at 334.

With respect to the petitioner's challenge to his sentence, the Court must review the petition under the four-part Wheeler test.  As to the first prong, it is clear that at the time of sentencing, settled law established the legality of the sentence imposed. However, the petitioner cannot meet the second element of the Wheeler test, because there has been no change to the settled law which established the legality of his sentence, much less one that has been deemed to apply retroactively to cases on collateral review.

The undersigned reiterates that the petitioner was convicted of conspiracy to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. Pursuant to U.S.S.G. § 2D1.1(c)(1), because the offense involved 150 kilograms of cocaine, the base offense level was 38.  As previously noted, pursuant to U.S.S.G. § 3B1.1(b), the offense level was increased by three levels because the petitioner was a manager or supervisor because the criminal activity involved five or more participants or was otherwise extensive. Finally, during the trial, the petitioner testified that he did not participate in the charged drug conspiracy.  His statements contradicted the jury's findings that he was

involved in a conspiracy to distribute cocaine. Therefore, pursuant to U.S.S.G. § 3C1.1, two levels were added, bringing his adjusted offense level to 43. Regardless of his criminal history category, which was only a I, the guideline range for imprisonment was life. Pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(a), the statutory sentence was a mandatory term of minimum term of 20 years and a maximum term of life imprisonment.

The petitioner alleges that his sentence was impermissibly enhanced under 21 U.S.C. § 851[5] because the definition of a "felony drug offense" under 21 U.S.C. § 802(44) is unconstitutionally vague.[6] In advancing this argument, the petitioner relies on Sessions v. Dimaya, 138 S.Ct. 1204 (2018).

However, the petitioner's argument is unavailing. Dimaya is an extension of the void-for-vagueness holding of Johnson v. United States, 576 U.S. 591 (2015), which found the definition of "violent felony" in the Armed Career Criminal Act ("ACCA") was

---

[5] In relevant part, § 851 provides:
No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial…the United States attorney files an information with the court…stating in writing the previous convictions to be relied upon.

In the instant case, the United States attorney filed an information on May 13, 2009, charging that on or about March 11, 1997, the petitioner was arrested and charged in the Circuit Court of Baltimore City with, among other things, possession with intent to distribute a controlled dangerous substance (cocaine) (Count One) and conspiracy (Count Three). The petitioner was found guilty on both these counts and subsequently sentenced on Count One to a term of four years imprisonment, three years, 11 months, and 29 days suspended, and on Count Three to a term of four years imprisonment, three years, 11 months, and 29 days suspended. See Doc. 301, Criminal Case No. 2:07-cr-549-PD (EDPA).

[6] 21 U.S.C. § 802(44) provides:
The term "felony drug offense" means an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marijuana, anabolic steroids, or depressant or stimulant substances.

impermissibly vague. A similar provision of the Immigration and Nationality Act ("INA") provides that any alien convicted of an aggravated felony, including "a crime of violence" as defined in 18 U.S.C. § 16,[7] will be deported or removed. Accordingly, the Supreme Court held that the residual clause of subparagraph 18 U.S.C. § 16(b) was unconstitutionally vague. Dimaya, 138 S.Ct. at 1216. The Court in Dimaya did not address 21 U.S.C. § 802(44)'s definition of "felony drug offense" at all, much less suggest that this definition is also unconstitutionally vague. Accordingly, Dimaya provides the petitioner no basis for relief.

Therefore, because the petitioner fails to meet either the Jones or Wheeler test, his claims may not be considered under § 2241. Accordingly, this Court is without jurisdiction to consider the petition. When subject matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that petitioner's Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED and DISMISSED without prejudice.**

---

[7] 18 U.S.C. § 16 provides:

The term "crime of violence" means—
**(a)** an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
**(b)** any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

11

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  October 18, 2021

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE